Case number 19-3080 United States of America v. Johnny Carly Lainez. A balance. Mr Macintosh for the appellant. Mr McGovern for the appellate. Morning, Mr Macintosh. Good morning, Your Honor. I will start my argument. May it please the court. Appellant has presented four issues for this court. In order to preserve time, I'd like to start with arguments one, which concerns the application of 4B1.5 to enhance Mr Lainez's sentence, and argument four, which whether or not the sentence was unreasonable, because of a guideline calculation errors. If time permits, Your Honor, I will discuss arguments two and three. Now, this case, when we talk about whether there was error in applying 4B1.5 to the sentence and whether or not the sentence was reasonable, there are four questions which, when reviewed, will provide an answer to these questions. The first question is, did trial counsel waive appellant's right to assert the doctrine of U.S. v. Wickerlink that the prior conviction must be compared to the instance offense before the 4B1.5 application? Two, whether the case presents grounds for plain error review by this court? Three, what is the government's burden to produce sufficient reliable evidence when it seeks to employ 4B1.5? And finally, whether there was error in the argument the government makes. There was no waiver. As stated in the appellant's reply brief, the plea agreement allowed him to contest the criminal history in the plea. The judge in the guilty plea colloquy noted that he had the right to challenge the criminal history. Is that just before the district court? That's the district court, yes, the district court. Right. We didn't preserve the right to contest that on appeal. Well, what I am saying is that the plea agreement allowed the appellant to contest the criminal history. And in addition to the plea agreement, you have that noted by the trial judge in the guilty plea that he had a right to contest the criminal history. Then we go on. Before sentencing, defense counsel's sentencing memorandum specifically stated that the 4B1.5 application made it greater than necessary to achieve the goals of sentencing per the Sentencing Reform Act. If you didn't have this 2002 prior conviction, he would ask for a downward variance, okay? Then in the sentencing memorandum, counsel went on to distinguish the instant crime, the 1591 violation, as a computer-related communication. He said it was different from the prior conviction for statutory rape. And I think that's playing on its face. At sentencing, at the sentencing hearing, counsel again alerted the trial court to the fact that the instant offense was different than the prior sex conviction. And at sentencing, again, he asked for- Did trial counsel argue that it was different so that it could not be a predicate offense for the sentencing enhancement? No, he did not. No, he did not. You haven't argued here that counsel should have done that. I'm curious as to why. Well, I do not know what was in the minds of trial counsel. I agree with your honor that he did not argue the Wickering basis. I'm asking whether you think he should have, that it was not a proper predicate offense because the elements of carnal knowledge under Virginia law are not the same, in fact, are broader than the elements for the federal offense. Looking at the law, yes, he should have, yes. But you didn't raise any ineffective assistance to counsel argument on that front. I did not raise that, your honor, because in terms of looking at the facts of the case, I don't think the government has met its burden in any way. That's a separate question of whether counsel, when someone's trying to apply an enhancement based on a prior conviction, should check and see whether that prior conviction is a proper predicate for the enhancement. And had they done so here, it would not have been, at least under a categorical analysis. You are correct, your honor. So why was that? I'm curious, and again, since you're agreeing with this, why you didn't raise ineffective assistance of counsel, because had they made that argument, they could have prevented the predicate offense from even counting, perhaps. I did not raise it because we have on the record the right of him, right of the defendant there to raise these issues. And we do have trial counsel alerting the court to the fact that the sentences were different. Now, the court is correct that he should have specifically argued the Wicker Link doctrine. He did not do that. But he did alert the court to the differences in the statutes, and that goes to the Wicker Link doctrine. Under Wicker Link, the court advises that when you're trying to assess whether or not trial counsel waived, that the objection must fully apprise the court of the grounds for, I'm sorry, that trial counsel should fully apprise the court of all the grounds so that the court can take it into consideration. If you take a narrow view of what occurred in the lower court, you could say, yes, that's ineffective assistance of counsel. If you take a more reasonable view, because he did alert the court to the difference in the statutes, I would say that's not ineffective assistance of counsel. It just depends upon the way that it is interpreted, Your Honor. If this court finds that trial counsel, by not fully, I guess, fleshing out the Wicker Link doctrine was ineffective. Well, you haven't raised that issue, so I don't know how we could, you haven't presented that issue to us, so I don't know how you think we could reach out and decide it. That's what I'm asking you is why that issue isn't here, since you've noted in your brief here that the attorney raised, you know, pointed out some distinctions between the two offenses, but missed the legally relevant argument altogether and didn't present it to the court. And that is that it's not, it doesn't statutorily qualify as a predicate offense, which seems a rather significant omission. I see exactly what you're saying, and the only way I can honestly respond to Your Honor, as I said, it depends upon how you interpret what he did. If it's a strict construction. But you told me he didn't raise it. There's no interpretation there. You don't see it raised. We don't see it raised. I don't know what interpretation that requires. Okay, well, I understand, Your Honor. I'm just trying to make the point that in a bare bones way, he raised it. He didn't fully, he didn't fully flesh it out. Okay, but he didn't object to the guidelines calculation. I don't know how we can say he raised it, unless I'm misremembering. I don't recall. I recall them agreeing repeatedly to the guidelines calculation, unless you tell me I'm mistaken. As a practical matter, Your Honor, I guess is correct, but that he did not object in a sentencing memorandum. But what I am just trying to say, in his sentencing memorandum, he pointed out the differences. And in the guilty plea and in the sentencing hearing, he pointed out the differences. And that may be sufficient to alert the court to the argument that we're making here. If not, if not, then this court has an opportunity to exercise its discretion and do a plain error analysis of what occurred in the lower court. And for plain error, as the court well knows, you need error. Error was clear and obvious. It affected substantial rights. And it may affect the integrity, fairness and reputation of the judicial system. Here, he would have gotten 188 months, as opposed to the 235 he got. I think that's about a four or five year difference. So that did affect his substantial rights. And Mr. McIntosh, you're over time. Unless either of my colleagues has any further questions, we'll hear from the government. May it please the court. Michael McGovern, on behalf of Appellee, the United States. Appellant's sentencing error claims fall squarely within the scope of the appeal waiver contained in the party's negotiated plea agreement. And therefore, this court should dismiss Appellant's appeal. In the negotiated plea agreement, Appellant waived his right to appeal his sentence under unambiguous and specific language that did not allow him to appeal either his sentence or the manner in which that sentence was determined, subject to only two specific exceptions, neither of which are applicable here. He was permitted to appeal his sentence if it was above the statutory minimum, or he was permitted to appeal his sentence if it was above the statutory guidelines range determined by the court. Because neither of those were present here, the unambiguous language of the appeal waiver within the plea hearing should be upheld. And this court should dismiss his claims as it did under both Adams and Lee. Mr. McGovern, do you think trial counsel was ineffective? Your Honor, ineffectiveness has not been presented here. And there are important legal issues that would have to be explored prior to a determination that legal counsel was ineffective. For purposes of argument, Appellant has assumed that Wicker Inc.'s categorical approach applies. It's unclear, based on this record, if one could even analyze this case under Wicker Inc. based on the present record, because there is no indication of what statute he was convicted of in Virginia in the record. Well, there absolutely is. No, it's actually in your supplemental appendix, page 14. Conviction for carnal knowledge of a child 13 to 15 years of age, which is very easy to find right in the Virginia statutes. And the definition is much broader than the federal definition. I mean, if nobody knows what he's convicted of, on what basis would a prosecutor assume that it's a predicate offense? The predicate offense was described within the pre-sentence report. And in that description, the description contained facts which do satisfy a federal crime. No, but you know that's not how it works. That's not how it works. We have to look at the two statutes. If one applies the categorical approach, but it's not a legal conclusion, nor has every a categorical approach justified. You said that nobody knew what the offense was. Would not it be incumbent upon the government to determine what he was actually convicted of rather than sort of a loosey-goosey description? And then the government would have to take a position on whether, or apply its already established position on whether the categorical analysis applies before the government would even argue for this, isn't that? I mean, the government doesn't just sort of go, someone said something, and that's good defense, do they? Well, Your Honor, respectfully, that's if the categorical approach applies here, which has not been determined by this court, and it hasn't been determined by multiple other circuits. What I will note is this issue. Excuse me. I'm sorry, just slow down for a second, please. I have a basic question. What is the United States government's position on whether the categorical approach applies under this sentencing enhancement? So, Your Honor, the government hasn't taken a position in this court, and it's not necessary to do so. What has it taken in all the other circuits? Your Honor, in the Third Circuit, it has sought for a fact-based approach in the case of Dahl, and in fact, there have been circuits that have applied a fact-based approach. Even the Eighth Circuit. Which circuit? I know the Eleventh Circuit did sort of a half and half.  Any other circuits? The Eighth Circuit, if you read the Lockwood decision, in fact, the approach that it applies, and I'll note that Appellant does cite to Jeffries, which relies upon Lockwood, so it is presented here. And I'm going outside of the legal arguments that are within this actual case, as none of this was presented. I fully understand that, and I'm just trying to understand, because you're the one who said the government applied it, even though we didn't know what the conviction was for, which is what obviously raised an important question in my mind. I'm sorry, can you say again, did you say the Eighth Circuit didn't apply a categorical approach? The Eighth Circuit in Lockwood actually applied, began with a typical categorical approach, but where a statute criminalizes conduct that is broader than, is inclusive of the Federal bench, but is broader, it then looks to the facts, and it didn't apply a divisibility analysis. And so therefore, it actually applied a broader than categorical approach. It's not a strict categorical approach or a strict modified categorical approach, if you read the way in which Lockwood presents it. That's similar to the way in which the Eleventh Circuit presented it. And here, the United States, the information that it relied upon- Back up again, then. Sorry, oh no, go ahead, finish that sentence. I'm sorry, go ahead. Was within the pre-sentence report, which was that there was a conviction for carnal knowledge of a child, and that that child was 13 years old, that at the time of the conviction, the defendant was 30 years old, and he had sexual intercourse. Those facts were available as to what the substance of the conviction was. Well, it wasn't just facts, right? The carnal knowledge of a child is in quotation marks. That's the name of the offense under Virginia law. I just wanted to follow up on, and maybe I just misunderstood you when you first spoke. I heard you say that the government didn't know exactly, the record didn't show what he was actually convicted of, but they applied it based on the facts. But the pre-sentence report identifies the, not the pre-sentence report, the statement of facts, the statement of offense, excuse me, identifies it by name. Because it would be worrisome to me if the federal government didn't even bother to find out what statute someone was convicted of, and then applied it. But it's also important to note here that this was a negotiated plea agreement. So not only did the government agree that this applied, but appellant agreed that it applied. And in exchange for that agreement, appellant received very important concessions from the government. I need to back up again. I'm not talking about that part of it. I'm just talking about where the government's starting point was. And the fact that someone didn't challenge it as a separate or agreed to it as a separate question. Is it the government's practice just to take a factual description like that? Or is the government's practice to identify, if at all possible, and it was quite possible here, to identify what they were actually convicted of? And then it can apply the U.S. government's position, whatever it is, on categorical or not before doing it. I assume the government is going through some standardized legal process before it claims an enhancement, rather than just claiming it willy-nilly and wait to see if the other side objects. Your Honor, I am not currently have knowledge of what precisely this particular attorney did or what precisely the general conduct is. Because none of those issues were raised in this appeal. Okay, let me back up a bit. So what it is not, then I should not take, as I understood your first statement to be, that they actually didn't know and it didn't matter to the government. I apologize if I ever said that it didn't matter to the government. What I said was that there is no citation, currently in this record, there is no citation to the legal provision under which the individual was convicted in Virginia. On a plain error review, which we're on here, as your Honor noted, appellant did not object in the trial court to the application of this provision. In fact, we believe he waived because he actively negotiated for its application and then at every step of the way, both in the plea hearing and the sentencing hearing and his own sentencing memorandum, he advocated for its application. If a categorical approach were applied, though, it would not have been a proper predicate here, correct? The carnal knowledge statute in Virginia, because it's broader than the federal one. If a strict categorical approach applied? Well, I don't know that we've used the adjective strict in front of it, we just call it the categorical approach. The categorical approach, as opposed to the 11th Circuit modification, if the category or a modified categorical or anything else. So, if the categorical approach applies, as the Supreme Court has it under other statutes with respect to sex offenses like these, then it wouldn't have been eligible as a predicate. Your Honor, that analysis wasn't ever done in this case. I'm just asking you a legal question. Excuse me. I'm sorry. One at a time will work a little better. Sorry. And so, this is why I asked my question. If the categorical approach applies, it seems to me pretty straightforward. So, Your Honor, the government would have to do that analysis, would have to look at those elements, and would have to compare them side by side. And in this case, that wasn't done in this particular case, because this would be on plain error view if it's not in fact waived. And... Well, it wasn't done on the record or anything. But I'm hoping that what you've told me is that the government would have done, applied whatever its own approach to this is to the statutes before it claimed an enhancement. Well, and again, Your Honor, the question as to whether or not the categorical approach does apply here doesn't need to be answered either by this court or we believed on appeal, given that the appeal is defeated by the fact that there is waiver, and there is plain error. And although counsel has today stated that he does believes that it would not meet the categorical approach, he has never before this court conducted that analysis for the court or presented that. And it is his burden on plain error to show the prejudice would attach. And he hasn't been able to do that because he hasn't come in to compare those elements to show that the categorical approach does not apply. Okay. Any further questions? No, not for me. Thank you. Thank you. Mr. McIntosh, you are out of time. But if you have any response to Mr. McGovern's argument, you can take one minute. You need to unmute. Can you hear me? Yes, we can. Okay. All right. As to what was in the plea agreement, the government drafted that contract. And it's just fundamental that it has to be when interpreting, it has to be construed against the government. Also, statutorily, this is a criminal case. So when you look at the parties, if the defendant is facing criminal time, then it should be construed in favor of the defendant. Now, we didn't talk at all about burden. The government, not the defendant, has the burden of producing evidence for this enhancement. They did not do that. They cannot rely on a pre-sentence investigation report if their disputed facts is contradictory or implausible, inconsistent with evidence of trial. In the pre-sentence report- Their statement of offense defined factually a crime that fits within the federal statute. Why didn't that make their burden of proof? Your Honor, that is not the appellant's burden of proof. It is the government's burden of proof. I didn't have to prove that. That's asking me to prove a negative. It's the government's burden. That's at price. U.S. v. Price says that. The probation report lists prior crimes as statutory rape, while the trial court and the government supplement risk listed as carnal knowledge. Who knows? The government should have done that analysis because that's its burden. Okay. Mr. McIntosh, thank you. You were appointed by the court to represent the appellant, and we appreciate your assistance. Thank you. Thank you, Your Honor.
judges: Tatel, Millett, Walker